Argued January 12, affirmed April 2, 1973

HASELWANDER, *Respondent, v.* TRACY,
*Appellant.*

508 P2d 422

*Brian W. O'Brien,* Portland, argued the cause and filed a brief for appellant.

*Justin C. Tallman,* Gresham, argued the cause for respondent. With him on the brief were McAllister, Tallman & Egner, Gresham.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, and BRYSON, Justices.

PER CURIAM.

This is an action at law to recover $1,500 for breach of contract. At the close of plaintiff's case defendant moved for an order of involuntary nonsuit. The motion was denied. Defendant rested without presenting any evidence and thereafter moved for a directed verdict in his favor. Plaintiff also moved for a directed verdict which the court granted and defendant appeals. The only issue on appeal is the interpretation of the contract upon which the action is brought.

Plaintiff advertised in a newspaper that he would sell a herd of chinchillas for $1,500. Thereafter plaintiff entered into the following written contract:

> "AGREEMENT OF STOCK TRANSFER
> of 30 shares in Bunch Manufacturing Co.
> "August 29, 1969

"I, Wilbur L. Tracy do hereby sell and transfer thirty (30) shares of stock in the Bunch Manufacturing Co. an Oregon Corporation, (SAID STOCK TO CONSTITUTE NOT LESS THAN THREE (3) Per CENT OF THE TOTAL STOCK IN SAID COMPANY) to Jack Haselwander, for the value of Three thousand dollars ($3000.00) said value to be in the form of a chinchilla herd and equipment.

"It is espressly (sic) understood and agreed (sic) by both parties that Jack Haselwander shall have the option of keeping all stock under this agreement or returning all thirty (30) shares back to Wilbur L. Tracy for the reduced sum of fifteen hundred dollars ($1,500.00) or fifty dollars ($50.00) per share The return of all stock and payment of fifteen hundred dollars ($1500.00) shall be completed on or before July 1, 1970.

"It is further agreed (sic) and understood that the certificates of stock and the recording of same shall be issued to Jack Haselwander as soon after July 1, 1970 as is expedient, but that the actual sale

of stock is to be completed on the date of this agreement being August 29, 1969.

"It is further understood and agreed (sic) that the transfer of the above mentioned stock and the issuance of it in the name of Jack Haselwander can be completed at any time that Jack Haselwander shall desire, prior July 1, 1970 by relinquishing the option to return said stock to seller. And further that the option to return said stock shall be held only by Jack Haselwander or his agents.

" [signed] Wilbur L. Tracy
WILBUR L. TRACY "

On the same day plaintiff executed the following instrument:

"BILL OF SALE AND TRANSFER

"August 29, 1969

"For value received, I, Jack Haselwander do hereby sell to Will Tracy one herd of Chinchillas (Aproximatley (sic) one hundred (100) animals) their cages and misc. related equipment for the sum of three thousand dollars ($3000.00) Said three thousand dollars ($3000.00) to be accepted in the form of thirty (30) shares of stock at an agreed (sic) value of one hundred dollars ($100.00) per share in the Bunch Manufacturing Company, an Oregon corporation.

" [signed] Jack L. Haselwander
JACK HASELWANDER "

Defendant took possession of the herd and on July 1, 1970 plaintiff notified defendant that he was electing to receive $1,500 in payment for the herd. Defendant refused to pay as requested.

The court interpreted the writings as evidencing a sale of the herd of chinchillas by plaintiff to defendant for a consideration of $1,500.

Defendant contends that the writings were evidence only of a trade of 30 shares of stock for the chinchillas and were not a contract for the sale of chinchillas at a price of $1,500. Defendant contends, therefore, that plaintiff's complaint alleges a contract which the proof does not support.

In granting plaintiff's motion for a directed verdict the trial court gave a the following explanation:

"* * * The agreement, as the Court sees it, provides that there was an agreement to sell a herd of chinchillas to the defendant, that the defendant agreed, as consideration for the sale, that he would transfer * * * 30 shares and that the parties have agreed that the value of that was $100 a share. The agreement further provided that the seller of the chinchillas had the right at his option, on or before July 1, 1970, to take, in lieu of receiving the certificates of stock, the sum of $1,500 and the evidence indicates that he did exercise that option * * *."

We agree with the trial court's interpretation of the contract.

The judgment is affirmed.